IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| NELL C. DYSART, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | )   2:11-cv-01917-LSC |
| | ) |
| BANKTRUST, et al., | ) |
| | ) |
| Defendants. | ) |

MEMORANDUM OF OPINION

The magistrate judge filed a Second Report and Recommendation (Doc. 63) on April 12, 2012, recommending that motions to dismiss filed by Defendants BankTrust, W. Bibb Lamar, Jr., Edward T. Livingston, Elam P. Holley, Jr., Mac Martin, Elaine Dellinger, Anderson & Weidner, David Anderson, Deanna L. Weidner, and Ryan K. Cochran (Docs. 27, 30, 31) be granted in all respects. The magistrate judge also recommended that Plaintiff's claims against the remaining Defendants be dismissed *sua sponte*. The parties were allowed fourteen (14) days in which to file written objections to the magistrate judge's recommendation. Plaintiff filed objections on April 26, 2011. (Doc. 64.) Most Defendants filed responses to Plaintiff's objections.

(Docs. 65, 66, 67.)[1]

Plaintiff sued all Defendants for violations of the Racketeer Influenced and Corrupt Organizations Act ("RICO"), 18 U.S.C. § 1961, *et seq.*, trespass, and intentional infliction of emotional distress.  Plaintiff also sued Defendants David Anderson, Deanna L. Weidner, and BankTrust for extrinsic fraud; Defendants David Anderson, Deanna L. Weidner, and "BankTrust/Officers / Employees" for "fraud on the court"; and Defendant BankTrust, only, for breach of contract. (Doc. 1.)

Having carefully reviewed and considered *de novo* all the materials in the court file, including the report and recommendation, the Court finds that the magistrate judge's report and recommendation are due to be ACCEPTED and ADOPTED with regard to Plaintiff's RICO claim.  With respect to Plaintiff's remaining state law claims, the Court REJECTS the magistrate judge's report and recommendation for dismissal based on failure to state a claim and instead chooses to decline to exercise jurisdiction over these claims.  A district court may decline to exercise jurisdiction over state law causes of action if "the district court has dismissed all claims over which it had original jurisdiction." 28 U.S.C. § 1367(c)(3); *see also United Mine*

---

[1]Plaintiff filed a "Motion to Strike Anderson Weidner's Response" for being filed one day late. (Doc. 68.)  Anderson & Weidner, David Anderson, and Deanna Weidner filed their response to Plaintiff's Objections at 3:53 a.m. on May 16, 2012.  The deadline for filing was May 15, 2012.  The Court construes the late filing as a motion for leave to file out of time, which is GRANTED.  Plaintiff's Motion to Strike is DENIED.

*Workers v. Gibbs*, 383 U.S. 715, 726 (1966).  In the Complaint, Plaintiff alleges that the Court has jurisdiction of this action under 28 U.S.C. § 1331 (federal question).  It is apparent the Court does not have diversity jurisdiction over the state law claims.  Because the Court is dismissing Plaintiff's RICO action, it declines to exercise jurisdiction over Plaintiff's state law claims.

For these reasons, Defendants' motions to dismiss (Docs. 27, 30, 31) will be granted, and Plaintiff's claims against those defendants who did not file motions will also be dismissed *sua sponte*.  A separate order will be entered.

Done this 3rd day of July 2012.

_____
L. SCOTT COOGLER
UNITED STATES DISTRICT JUDGE
139297